**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JERRY IVERSON, | No. 4:16-cv-5103-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | ECF Nos. 17, 18 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 17, 18. The parties consented to proceed before a magistrate judge. ECF No. 4. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion (ECF No. 17) and denies Defendant's motion (ECF No. 18).[1]

---

[1] The Court reminds Plaintiff of the page limits of LR 7.1 and formatting requirements of LR 10.1(2).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.920(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income benefits on August 13, 2012, alleging an onset date of August 13, 2012. ECF No. 17 at 1. The application was denied initially, Tr. 104-07, and upon reconsideration, Tr. 114-17. Plaintiff appeared for a hearing before an administrative law judge (ALJ) on October 2, 2014. Tr. 29-69. On January 7, 2015, the ALJ denied Plaintiff's claim. Tr. 12-28.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 13, 2012, the application date. Tr. 17. At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease of the spine status post 2002 spinal surgery; right elbow pain status post 2008 right elbow surgery; left shoulder issues; and osteoarthritis. Tr. 17-18. At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 17. The ALJ then concluded Plaintiff has the RFC to perform light work with the following additional limitations:

[He] is further limited to: frequent climbing of ramps or stairs; frequent stooping, kneeling, crouching, and crawling; frequent bilateral reaching in all directions; and avoiding concentrated exposure to extreme cold, wetness, excessive vibration, and hazardous machinery.

Tr. 18-22.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 22. At step five, after considering the testimony of a vocational expert, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as assembler or parking lot attendant. Tr. 22-23. Thus, the ALJ concluded Plaintiff has not been under a disability from August 13, 2012, through the date of the decision. Tr. 23.

On June 22, 2016, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly weighed Plaintiff's symptom claims;

2. Whether the ALJ properly evaluated the medical opinion evidence; and

3.    Whether the ALJ's finding at step five was supported by substantial

evidence.

ECF No. 17 at 7-19.

# DISCUSSION

## A.    Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to provide specific findings with clear and convincing reasons for discrediting his symptom claims.  ECF No. 17 at 16-19.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."  *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).  "The claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal

citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

This Court finds the ALJ did not provide specific, clear, and convincing reasons for finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms "not entirely credible." Tr. 19.

## 1. Daily Activities

The ALJ found that Plaintiff's daily activities were inconsistent with allegedly disabling physical limitations. Tr. 20. A claimant's reported daily activities can form the basis for an adverse credibility determination if they consist of activities that contradict the claimant's "other testimony" or if those activities are transferable to a work setting. *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007); *see also Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (daily activities may be grounds for an adverse credibility finding "if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting."). "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13 (internal quotation marks and citations omitted).

Plaintiff alleges his physical limitations prevent him from engaging in physical activity at more than a sedentary level. ECF No. 17 at 17. Sedentary work entails lifting no more than ten pounds at a time and requires occasional walking and standing. 20 C.F.R. § 416.967. Plaintiff testified that his pain caused him to have difficulty lifting and carrying objects, and impaired his ability to walk,

causing him to need to rest after fifteen to twenty minutes of walking.  Tr. 41-56;
Tr. 221.  The ALJ found that Plaintiff's reported daily activities were inconsistent
with his claims of disabling shoulder, elbow, and back pain because Plaintiff
reported mopping, sweeping, generally cleaning his house, doing yard work, riding
a bike, and refinishing furniture.  Tr. 20 (citing Tr. 218, 363).

The household activities identified are not inconsistent with the level of pain
and limitations Plaintiff alleged.  This is particularly true in a case where, as here,
Plaintiff does not allege that he cannot engage in sedentary work, but that he
cannot engage in more demanding light work.  ECF No. 17 at 17.  The ability to
assist with some household chores is not determinative of disability.  *Cooper v.*
*Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).  Furthermore, the performance of
certain household activities does not make the activity transferable to workplace
settings, where a claimant would not be able to rest as frequently as at home.  *See*
*Trevizo v. Berryhill*, No. 15-16277, 2017 WL 4053751, at *12 (9th Cir. Sept. 14,
2017).  Here, the ALJ failed to articulate how these household activities are
contrary to Plaintiff's symptom complaints or transferable to a work setting.
Indeed, Plaintiff's household activities could still be consistent with the physical
limitations of sedentary work.

The ALJ also discredited Plaintiff's credibility because he reported riding a
bicycle.  Tr. 20 (citing Tr. 419).  Specifically, the ALJ found that "treatment notes

from July 2014 show that [Plaintiff] reported riding a bicycle, which is not only inconsistent with is allegations of entirely debilitating symptoms, but also suggests that [Plaintiff] is capable of the bending, sitting, and reaching requirements consistent with light level work." Tr. 20. In fact, the record the ALJ cites indicates that Plaintiff rode his bike three months prior to the hearing, which caused "more pain in the hip, ankles, and right elbow, so [he] has decided to avoid bike riding in the future." Tr. 419. This record, indicating Plaintiff rode his bike on a single occasion, does not rise to a level of a daily activity. Moreover, the record indicates the single activity caused such increased pain that he would avoid the activity in the future. Therefore, the record is not indicative of him being able to meet the bending, sitting, and reaching requirements consistent with light work. The ALJ's conclusion is not supported by substantial evidence. As such, this report does not provide enough evidence to discredit Plaintiff's testimony as being inconsistent with his daily activities.

The ALJ failed to demonstrate how these activities contradicted Plaintiff's other testimony or that he was able to spend a substantial part of his day engaged in these activities and that these activities are transferable to a work setting. Therefore, this reason fails to meet the specific, clear and convincing standard.

2.    *Lack of Objective Evidence*

Next, the ALJ found that Plaintiff's treatment records did not support the

degree of physical limitation alleged by Plaintiff. Tr. 20. An ALJ may not

discredit a claimant's pain testimony and deny benefits solely because the degree

of pain alleged is not supported by objective medical evidence. *Rollins v.*

*Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341,

346-47 (9th Cir. 1991). However, the medical evidence is a relevant factor in

determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261

F.3d at 857; 20 C.F.R. §416.929(c)(2). Minimal objective evidence is a factor

which may be relied upon in discrediting a claimant's testimony, although it may

not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

First, the ALJ set out the medical evidence regarding Plaintiff's impairments

related to his left shoulder and right elbow pain. Tr. 20. Next, the ALJ set out the

objective medical evidence regarding Plaintiff's claims of back pain. Tr. 20. The

ALJ concluded that this medical evidence did not support Plaintiff's subjective

assessment of his symptoms. Tr. 20. However, a lack of corroboration in the

objective medical evidence cannot stand alone in supporting an ALJ's credibility

finding. *Rollins*, 261 F.3d at 857; *Bunnell*, 947 F.2d at 346-47.

Because the ALJ did not properly discredit Plaintiff's testimony on the

grounds of his activities of daily living, a lack of support in the medical evidence is

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

the ALJ's only remaining rationale for her credibility determination.[2]  Accordingly, the ALJ's rejection of Plaintiff's symptom testimony is not supported by clear and convincing reasons.

**B.     Medical Opinion Evidence**

Plaintiff faults the ALJ for discounting the medical opinions of Wing Chau, M.D.; James Opara, M.D.; Natalia Luera, M.D.; Amber Barnes, ARNP; and for giving too much weight to the medical opinions of Dennis Koukol, M.D.; and Raymond Sjerven, M.D.  ECF No. 17 at 7-16, 18-19; ECF No. 19 at 3-7.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a

_____

[2] The Court declines to rule on whether the ALJ properly determined whether the objective medical evidence supports Plaintiff's symptom claims.  Even if the ALJ's determination was proper, that rationale alone would not support the ALJ's credibility finding.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d at 830-831).

1. *Treating Physician – Wing Chau, M.D.*

Dr. Chau has been Plaintiff's treating physician since April 12, 2010. Tr. 327. On May 1, 2012, Dr. Chau opined, on a check-box form, that Plaintiff was limited to lifting up to two pounds frequently and a maximum of ten pounds overall. Tr. 487. The ALJ assigned little weight to this assessment. Tr. 21. Since

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15

Dr. Chau's findings of limitations were contradicted by Dr. Koukol, Tr. 95-97, and Dr. Sjerven, Tr. 308, the ALJ needed only specific and legitimate reasons, supported by substantial evidence, to reject Dr. Chau's findings. *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d at 830-31). The ALJ provided two reasons for rejecting Dr. Chau's assessment. Tr. 21.

First, the ALJ found that Dr. Chau's opinion was rendered on an unsupported check-box form. Tr. 21. The Ninth Circuit has recognized a preference for individualized medical opinions over check-the-box forms. *Murray v. Heckler*, 722 F.2d 499, 501 (9th Cir. 1983). However, when the opinion expressed in a check-the-box form is based on significant experience with a claimant and supported by numerous records, it is entitled to more weight than an otherwise unsupported and unexplained check-the-box form. *Garrison*, 759 F.3d at 1013.[3] Here, the record shows that Dr. Chau began treating Plaintiff on April 12, 2010. Tr. 327. The record contains treatment notes from 49 visits. Tr. 316-28,

_____

[3] The Ninth Circuit has recently held that the fact that an opinion is expressed on a check-the-box form does not constitute a germane reason to discount the opinion of a non-acceptable medical source. *Popa v. Berryhill*, No. 15-16848, 2017 WL 4160041, at *5 (9th Cir. Aug. 20, 2017). Accordingly, such reasoning cannot meet the more exacting standards applied to acceptable medical sources.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

367-69, 419-427.  The ALJ erred in failing to consider Dr. Chau's extensive treatment history with Plaintiff and the support that lends to Dr. Chau's assessment.  20 C.F.R. § 416.927(c); *Garrison*, 759 F.3d at 1013.

Second, the ALJ found Dr. Chau's opinion was unsupported and even contradicted by his own treatment record of Plaintiff.[4]  Tr. 21.  An ALJ may properly reject a check-box form for being inconsistent with the treatment record. *Molina*, 674 F.3d at 1112.  The ALJ may also properly reject a medical opinion if it is inconsistent with the provider's own treatment notes.  *Tomasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  Here, the ALJ noted that treatment records generally show Plaintiff "doing well, [sitting] up well, [and] was in no distress." Tr. 21.  However, these observations are not inconsistent with Plaintiff's specific claims of disability and Dr. Chau's functional assessment.

Considering the claim is being remanded for the ALJ to readdress Plaintiff's credibility, the ALJ is also instructed to readdress the medical opinions contained in the record on remand.

_____

[4] Plaintiff attempts to bolster Dr. Chau's credibility by citing various cases in this district wherein the Court has considered Dr. Chau's capacity assessments.  ECF No. 17 at 8.  Dr. Chau's opinions in other cases are not relevant to the ALJ's consideration in this case.

2.   *Consulting Examining Physician – James Opara, M.D.*

Dr. Opara performed a consultative examination on February 9, 2013.  Tr. 362.  Dr. Opara found that Plaintiff's standing/walking capacity was limited to no more than two hours per day.  Tr. 366.  The ALJ gave little weight to this opinion. Tr. 20.  Dr. Opara also found that Plaintiff could lift twenty pounds occasionally and ten pounds frequently.  Tr. 366.  The ALJ gave great weight to this opinion. Tr. 21.  Since Dr. Opara's findings of limitations were contradicted by Dr. Koukol, Tr. 95-97, and Dr. Sjerven, Tr. 308, the ALJ needed to provide specific and legitimate reasons, supported by substantial evidence, to reject Dr. Opara's findings.  *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d at 830-31).  The ALJ gave two reasons for discrediting Dr. Opara's opinion.

First, the ALJ gave less weight to Dr. Opara's assessment of Plaintiff's standing/walking capacity because Dr. Opara was a one-time examiner.  Tr. 21. The ALJ may consider the length, nature, and extent of a treatment relationship and give more weight to the medical opinion based on a longer and more knowledgeable relationship.  20 C.F.R. § 416.927(c).  However, the fact that Dr. Opara examined Plaintiff one time is not itself a legally sufficient basis for rejecting the opinion.  Notably, the ALJ still credited Dr. Opara's other findings, despite his being a one-time examiner.  Tr. 21.

Second, the ALJ gave less weight to Dr. Opara's assessment of Plaintiff's standing/walking capacity because the ALJ found the assessment was inconsistent with Plaintiff's activities that he self-reported during the exam. Tr. 21. An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601-602 (9th Cir. 1999). As noted *supra*, the Court determines that the ALJ failed to appropriately considered Plaintiff's daily activities. Considering the claim is being remanded for the ALJ to readdress Plaintiff's credibility, the ALJ is also instructed to readdress the medical opinions contained in the record on remand.

### 3. *Additional Assignments of Error*

Although Plaintiff challenges additional medical opinions, the Court will not address each challenge individually. The ALJ is instructed to readdress all of the medical evidence on remand.[5]

## C. **Substantial Evidence**

Plaintiff contends the ALJ's step five findings regarding Plaintiff's ability to perform work are not supported by substantial evidence. ECF No. 17 at 19. At step five, the ALJ considers whether, in view of the claimant's RFC, the claimant

_____

[5] The Court notes in particular that the ALJ erred in characterizing Dr. Sjerven as a non-examining source, Tr. 21.

is capable of performing other work in the national economy, besides past relevant work. 20 C.F.R. § 416.920(a)(4)(iv), (v). A vocational expert may appropriately testify as to: (1) the claimant's ability to return to past relevant work; (2) what jobs the claimant, given her residual functional capacity, would be able to do; and (3) the availability of such jobs in the national economy. S.S.R. 82-61; *Gamer v. Sec'y of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir. 1987). An ALJ may rely on testimony given by a vocational expert in response to a hypothetical if the hypothetical contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. *See Bayliss*, 427 F. 3d at 1217-18.

Because the ALJ erred in her consideration of both the medical opinion evidence and Plaintiff's credibility of his own testimony, the ALJ's RFC determination is insufficient. Consequently, the current step five analysis is not supported by substantial evidence.

**D.     Remand**

Plaintiff urges the Court to remand for immediate award of benefits. ECF No. 17 at 19-20. To do so, the Court must find that the record has been fully developed and further administrative proceedings would not be useful. *Garrison*, 759 F.3d at 1019-20; *Varney v. Sec. of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ

would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly address the credibility of Plaintiff's symptom reports and properly weigh medical opinions in the record. The ALJ may also need to supplement the record with any outstanding evidence and take testimony from a medical and a vocational expert at a remand hearing.

## CONCLUSION

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 17) is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this order**.**

2. Defendant's motion for summary judgment (ECF No. 18) is **DENIED.**

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE PLAINTIFF**, provide copies to counsel, and **CLOSE THE FILE.**

DATED September 21, 2017.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE